UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
        v.                          )    Criminal No. 13-305-9 (ESH)
                                    )
LAWRENCE PROCTOR,                   )
                                    )
                Defendant.          )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant Lawrence Proctor, along with twenty-two others, has been charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five hundred grams or more of cocaine, and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846, crimes punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on November 26, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Dec. 3, 2013 [ECF No. 70].) At the conclusion of the hearing, the Magistrate Judge ruled that defendant Proctor should be held pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 5-6.) Proctor thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Def.'s Mot. for Review of Bond ("Mot."), Dec. 17, 2013 [ECF No. 89]; Gov't's Opp. to the Def.'s Mot. for Modification of Pretrial Det. Order ("Opp."), Dec. 19, 2013 [ECF No. 99].) This Court held a hearing on the motion on December 20, 2013. For the reasons stated in open court, as well as the reasons set forth herein, the Court will deny this motion.

# DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that defendant Proctor has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor continued detention. The indictment demonstrates probable cause that Proctor participated in a large-scale narcotics conspiracy. Moreover, the evidence shows that Proctor regularly purchased large quantities of narcotics from co-defendant Juan Floyd for re-distribution. Law enforcement recorded seventy-nine pertinent phone calls between Proctor and co-defendant Juan Floyd on court-authorized wiretaps which, the government proffers, concerned the purchase of and payment for large quantities of narcotics. In addition, on several occasions, law enforcement viewed Proctor meeting Floyd at pre-arranged locations, entering Floyd's vehicle for a very short time, and then exiting his vehicle. These actions, as Magistrate Judge Kay explained, are "highly suggestive of drug deal[s]." (Det. Mem. at 4.)

*Second*, the weight of the evidence favors continued detention. Though Proctor is unemployed and receives SSI benefits, phone conversations indicate that Proctor regularly paid Floyd thousands of dollars. On one occasion, for example, Floyd called Proctor to complain that he had given him only $2000 instead of the $3000 he owed. (*See* Det. Mem. at 3.) As defendant correctly points out, unlike other co-defendants, Proctor did not use coded language on these phone calls and law enforcement was unable to find any physical evidence that he sold drugs. (Mot. at 2.) However, based on the recorded phone calls and physical surveillance, the Court finds that it is a reasonable inference that Floyd sold Proctor significant quantities of narcotics (between three and four hundred grams of heroin during the course of the conspiracy) for the purpose of re-distribution. (*See* Opp. at 7.)

*Third*, the history and characteristics of the defendant strongly support his continued detention. Proctor has several prior felony drug convictions, a conviction for battery, a Bail Reform Act violation, and a conviction for escape from a correctional institution. Despite this

troubled history, Proctor appears to "have returned to the drug trade" which further supports his continued detention. (Det. Mem. at 5.) Moreover, Proctor's repeated attempts to avoid prosecution demonstrate that he is a poor candidate for pretrial release.

*Fourth*, defendant's potential danger to the community favors his continued detention. As Magistrate Judge Kay explained, "Proctor has established a trend of recidivism. The trade he allegedly engaged in during the course of this conspiracy has resulted in the distribution of a considerable volume of narcotics in . . . the . . . community. The harm . . . [has been] significant and the danger posed by Mr. Proctor's release pending further action in this case is just as great." (Det. Mem. 5.) The Court agrees with this conclusion. Based on the amount of money discussed in the recorded phone calls; the regular, brief meetings in Floyd's vehicle; and Proctor's history in the drug trade, the Court finds that the defendant has not overcome the rebuttable presumption that he would not present a danger to the community if released pending further proceedings.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in the custody of the Attorney General for confinement pending trial.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 26, 2013